IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN HUCK, TOM JONES, RAYMOND REISIG, REUBEN REISIG, LESTER OLSON, FORREST HICKMAN, JOHN WATSON, THOMAS SLUSHER, EUGENE GALLEGOS and JOHN MORRIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNION PACIFIC CORPORATION and UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendants. | Case No. 06 CV 464 |
| DAVID BLACKMORE, JERRY EUBANK, JEFFREY KLAPPRODT, JACOB MOORE, CHRIS NELSON, GEORGE OWEN, WILLIAM J. PLATT, WILLIAM PRICE, and CHRIS TUCKER,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNION PACIFIC RAILROAD,<br><br>        Defendant. | Consolidated under Case No. 06 CV 464<br><br>(originally No. 06 CV 548) |
| DAVID BOILES, RONALD HART, J.T. CULWELL, JR., JAMES BOSE, DON BRENT JOHNSON, TYLER GENE JONES, JACK D. LUGE, and WILLIAM BOSLEY, individually and on behalf of all similarly situated Union Pacific Employees, Former Employees and Contractors,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNION PACIFIC CORPORATION a/k/a UNION PACIFIC,<br><br>        Defendant. | Consolidated under Case No. 06 CV 464<br><br>(originally No. 06 CV 689) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT & CERTIFICATION OF SETTLEMENT CLASS, APPROVING CLASS NOTICE, AND SETTING SCHEDULE**

The parties have made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order implementing the settlement of all claims in these consolidated actions and the procedures for the disposition of the actions in accordance with the parties' Class Action Settlement Agreement ("Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for such settlement and further proceedings, and for entry of an Order of Final Approval and Judgment dismissing all claims of the Plaintiffs and the Class Members. The Court recognizes that the Agreement is signed by counsel but not fully signed by the named plaintiffs. The Court, having carefully reviewed and considered the Agreement, as well as the files, records, and proceedings to date in this matter, hereby

**ORDERS:**

1. Pending the Settlement Fairness Hearing, as defined in Paragraph 3 below, and based upon the Court's careful review, the Court hereby conditionally certifies, pursuant to Fed. R. Civ. P 23(a), (b)(2), and (b)(3) and for settlement purposes only, a Settlement Class consisting of:

> All current and former employees of Union Pacific throughout the United States whom Union Pacific previously notified by letter that his/her name and Social Security Number may have been contained on a Union Pacific computer or Union Pacific mass storage device that was lost or stolen in a Data Breach Incident between April 1, 2006, and January 31, 2007.
>
> Excluded from the class are: (i) all judicial officers in this Court and their families through the third degree of relationship; and (ii) all elected officers of Defendants and Members of the Boards of Directors of Defendants.

For purposes of this Order and the Settlement, the "Data Breach Incidents" are defined as follows:

- April 29, 2006 – A Union Pacific employee's laptop computer was stolen in Omaha Nebraska, and was never recovered.

- July 2006 – A Union Pacific employee's laptop computer was stolen in San Antonio, Texas, and never recovered.

- September 2006 – A Federal Railroad Administration contractor's computer was stolen in Atlanta, Georgia, and was never recovered.

- October 2006 – A Union Pacific employee lost a laptop computer in central Texas.

- October 2006 – A Union Pacific employee's laptop computer was stolen in San Antonio, Texas, and never recovered.

- December 2006 – A Union Pacific employee's laptop computer was stolen in Salt Lake City, Utah, and never recovered.

- January 2007 – A Union Pacific employee's laptop computer was stolen in Forest Hill, Texas, and never recovered.

- January 2007 – A Union Pacific employee misplaced USB memory drive (or "memory stick"), in St. Charles, Illinois. The USB memory drive was recovered a short period later.

2. In connection with the conditional certification, the Court makes the following preliminary findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

(a) The Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the above-described Class;

(c) The claims of the named Plaintiffs are typical of the claims being resolved through the proposed Settlement;

(d) The named Plaintiffs are capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement;

(e) In these consolidated actions, Plaintiffs challenge conduct on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole,

3

(e) For purposes of determining whether the Settlement is fair, adequate, and reasonable, common questions of law and fact predominate over questions affecting only individual Class Members,

(f) For purposes of Settlement, a settlement with the above-described Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

3. In making the findings set forth in the previous paragraph, the Court has exercised its discretion in conditionally certifying the Class. The Court designates all named Plaintiffs in the three consolidated actions as the Class Representatives.

4. The Court appoints

Robert G. Pahlke
PAHLKE, SMITH, SNYDER,
  PETITT & EUBANKS
1901 First Avenue,
P.O. Box 1204
Scottsbluff, NE 69363-1204

Clifford A. Cantor
LAW OFFICES OF
  CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, WA 98074-7033

Michael R. Perri
Douglas M. Todd
PHILLIPS McFALL McCAFFREY
  McVAY & MURRAH, P.C.
101 North Robinson
Corporate Tower, Thirteenth Floor
Oklahoma City, Oklahoma 73102

Robert E. O'Connor, Jr.
2433 South 130th Circle
Omaha, Nebraska 68144

Ryan M. Sewell
215 South Main Street
Council Bluffs, Iowa 51503

as Class Counsel. For purposes of these settlement approval proceedings, the Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel.

5. Based upon the Court's careful review, it preliminarily appears to the Court that the Settlement provides substantial relief to the Class without the risk, cost, or delay associated with continued litigation, trial, and/or appeal; and the Agreement is fair, reasonable, and adequate.

Pending the Settlement Fairness Hearing and further proceedings pursuant hereto, the Court therefore grants preliminarily approval to the proposed settlement, as set forth in the Agreement.

6. A hearing (the "Settlement Fairness Hearing") shall be held on December 7, 2007, at 9:00 a.m. at the United States District Court for the District of Nebraska, in Omaha, Nebraska to determine whether the Court should: (i) grant final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3); (ii) grant final approval to the proposed settlement, as set forth in the Agreement, as fair, reasonable, and adequate to the Class; (iii) grant Class Counsel's petition for attorneys' fees and expenses and an incentive payment to the Class Representatives (collectively, the "Fee Application"); and (iv) enter an Order of Final Approval and Judgment. The Court may adjourn the Settlement Fairness Hearing to a date other than the hearing date without further notice to members of the Settlement Class.

7. The Court approves, in form and content, the "Class Notice" attached as Exhibit A to the Agreement, and finds that the first class mailing of the Class Notice in the manner and form set forth in the Agreement adequately meets the requirements of Rule 23(c) of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. On or before August 31, 2007, a copy of the Class Notice, substantially in the form annexed as Exhibit A to the Agreement, shall be disseminated as set forth in the Agreement. The Court finds that the foregoing form, content, and manner of giving notice is the best notice practicable and adequately advises the Class Members of these Actions and the settlement contemplated therein.

9. Because these cases are governed by the Class Action Fairness Act of 2005, on or before August 8, 2007, Union Pacific shall provide proof of the Notice required by 28 U.S.C.

§1715. For purposes of the settlement, such notice shall be provided to the Attorney General of the United States and the State Attorneys General for the states in which class members reside

10. As provided in the form of notice attached to the Agreement, each Settlement Class Member shall have until November 1, 2007, to opt out of the class, provided that any such Settlement Class Member follows the opt-out procedures set forth in the Notice. Any member of the Settlement Class may appear at the Settlement Fairness Hearing, either by written papers (as described below) and/or in person or by counsel of such person's choice (and at such person's own expense), and show cause (i) why the Settlement Class should not be certified, (ii) why the Settlement should not be approved, or (iii) to be heard on any other objections such Settlement Class Member may have with respect to any aspect of the Settlement; provided, however, that, unless the Court shall otherwise direct, no person or counsel shall be heard, and no written objection, memorandum, or other paper shall be received or considered by the Court, unless such person or counsel shall file with the Clerk of the Court no later than November 1, 2007, showing service on counsel of record, in the manner designated in the Notice, a copy of such written objections, as well as any pleadings, memoranda, or other papers and information in support thereof, and stating with particularity the bases for such objection, and notice as to whether such person or counsel intends to appear at the Hearing. Any member of the Settlement Class who does not object in the manner so provided shall be deemed to have waived such objection and will forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as set forth in the Agreement.

11. On or before November 30, 2007, the parties will submit any papers seeking final approval of the proposed Settlement set forth in the Agreement, along with proof that the Class Notice was disseminated as set forth in the Agreement. Also on or before that same date,

Plaintiffs will submit papers supporting Class Counsel's petition for attorneys' fees and expenses and an incentive payment to the Class Representatives.

12. Pending the Settlement Fairness Hearing, all proceedings in connection with prosecution of these actions are hereby stayed, except those proceedings necessary or appropriate in connection with effectuating this Order and the Settlement, and all Settlement Class Members are barred and enjoined from commencing or prosecuting, either directly, representatively or in any other capacity, any of the Released Claims against Union Pacific Corporation, Union Pacific Railroad Company, or the "Defendants" as those terms are defined in the Agreement.

13. In the event the Agreement is not approved by the Court or the Final Order approving the Settlement provided for therein is not entered or does not become final pursuant to the terms of the Agreement, or if for any reason the Settlement is terminated before the Effective Date or the Effective Date otherwise does not occur, then such Settlement shall become null and void and of no further force and effect (except as otherwise expressly provided therein) and shall not be used or referred to for any purpose whatsoever in any action or proceeding except as otherwise set forth in the Agreement. In such event, such Agreement and all negotiations, orders and proceedings relating thereto (including this or any other order certifying a class pursuant to Fed. R. Civ. P. 23) shall be withdrawn without prejudice as to the rights, claims, or defenses of any and all parties thereto, all of whom shall be restored to their respective positions as of the date of the Agreement.

14. Counsel are directed to file a fully signed version of the Agreement as soon as practicable. If any problems arise in obtaining signatures, counsel are directed to notify the Court of all such problems in one paper, to be filed as soon as practicable.

15. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice that they jointly agree are reasonable or necessary.

16. A summary of the some of the dates scheduled herein is as follows:

| Event | Approximate Timing | Date |
| --- | --- | --- |
| Notice given to Class (*supra* at ¶ 8) | Approximately 30 days after entry of this order | August 31, 2007 |
| Deadline for submitting opt out requests (*supra* at ¶ 10) | 60 days after Notice is sent | November 1, 2007 |
| Deadline for filing & serving objections (*supra* at ¶ 10) | 60 days after Notice is sent | November 1, 2007 |
| Submit papers in support of settlement and Fee Application (*supra* at ¶ 11) | One week prior to Settlement Fairness Hearing | November 30, 2007 |
| **Fairness Hearing** (*supra* at ¶ 6) | At Court's convenience, approximately four months after entry of this order | December 7, 2007 at 9:00 a.m. |

DATED this 30th day of July, 2007.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

8